## M. S. HANCOCK'S ADMR. *v.* C. F. SANDIFER ET AL.

Lien—Attachments—Return by Clerk to Wrong Court.

Lewis & Co., having their execution returned, no property found, filed their petition in equity and by attachment, enjoined the payment to their debtor of moneys due by Hancock & Co. The clerk made the return to the March called special term of court, instead of the regular June term. This process was returned executed by the sheriff April 25, and subsequently the debtor was proceeded against as a non-resident:

Held, that a lien was created by the attachment, prior to other creditors whose liens were filed subsequent to the filing by Lewis & Co.

Attachment—Garnishment—Allowance for Attorneys Fee.

No attorneys fee can be adjudged against a garnishee, who, in order to protect their interest, petitions the court to cause all creditors seeking attachments, to interplead in any one action against them.

Equitable Proceeding—Judgment—Execution—Return of Nulla Bona—No Bond Required.

In an equitable action on a judgment and return thereon of nulla bona, against a garnishee, no affidavit or attachment is necessary.

Garnishee—Not Liable for Costs.

Unless a garnishee resists the claim against them in an equitable action by attachment, no costs can be recovered against him, especially where the litigation is prolonged by the negligence of the attaching creditors.

APPEAL FROM HENDERSON CIRCUIT COURT.

September 27, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

A. Lewis & Co. having a return of no property found on exe-tion against G. W. Spenny, filed their petition in equity under section 474 Civil Code, averring their judgment and return of *nulla bona* and that Hancock & Co. owed by judgment some $350 and prayed that they be enjoined from paying over any part thereof to Spenny, and that it be appropriated to the payment of their said judgment against him, the object of said suit was also endorsed upon the summons as authorized by section 477 Civil Code.

Subsequently Sandifer filed his petition alleging debts against Spenny enjoining Hancock & Co. from paying over to him also attaching the debt.

Lewis & Co. had process to a different county against Spenny, which the clerk erroneously made returnable to the March called special term of the court instead of to the regular June term fixed by law, this process was returned executed by the sheriff April 25, after the return day. Subsequently Spenny was proceeded against as a non-resident.

Sandifer had actual service against Spenny.

The court adjudged an appropriation of Spenny's judgment against Hancock & Co. or a sufficiency to Lewis & Co. after which Hancock & Co. becoming fearful that they might be compelled also to pay Sandifer as his case remained undisposed of, filed their petition against Spenny, Lewis & Co. and Sandifer asking that they be compelled to interplead, that the court adjudge who had the prior lien, and for a temporary injunction until these matters were settled.

The court on final hearing erroneously adjudged that Lewis & Co. got no lien by their equitable proceeding and that Sandifer did, consequently, had priority and appropriated a sufficiency of Spenny's judgment against Hancock & Co. first to pay Sandifer and then the remainder to Lewis & Co. and perpetually enjoined Lewis & Co. from collecting their first judgment against Hancock & Co. notwithstanding which the court allowed to Lewis & Co. an attorney fee of fifty dollars to be taxed as costs against Hancock & Co. making them pay the costs of their successful litigation, from which they have justly appealed.

Whether or not the service of the process in Lewis & Co.'s favor against Spenny on the summons erroneously returnable to a special called term of the court not recognized by law should be deemed actual service and whether before pronouncing any judgment for Lewis & Co. against Hancock & Co. a bond as. provided by section 440 Civil Code should have been executed to Spenny cannot now be adjudicated by this court, because these matters can only be brought here by an appeal from that judgment or by proceeding to open the judgment as provided in behalf of non-residents in section 445 Civil Code. Until reversed or opened and retried said judgment must be regarded as still in force. Unless for equitable reasons a perpetual injunction should be permitted to stand. Lewis & Co. obtained a lien by virtue of their equitable proceedings and service of summons with the object of the suit endorsed thereon upon Hancock & Co. by virtue of section 477, nor was an affidavit of attachment bond necessary to such proceedings as provided by section 476, this remedy upon judgment and return of *nulla bona* being specially provided for.

Had the court required Hancock & Co. to pay the money owing by them to Spenny into court they would have been exonerated from all liability to him as provided by section 244, but no such order was made. The garnishee can only be subjected to costs upon his resistance of the claim.

Hancock & Co. returned endorsed upon the summons in both Lewis & Co. and Sandifer's case that they owed the judgment which Spenny had recovered against them; therefore, making no resistance were not liable for costs, and as this litigation was necessitated by the negligence of the attaching creditors, are not liable for costs in it, and for this error the judgment for costs against them must be reversed.

The perpetual injunction in their favor against Lewis & Co. was also erroneous for the reasons herein assigned, and it must be reversed on their cross appeal.

Wherefore, the judgment is reversed, both on the appeal and the cross appal of Lewis & Co., with directions for further proceedings consistent herewith. Neither party will be allowed costs against the other.

*Cissell & Vance, for appellant.*
*Yeaman, for appellees.*